[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a dissolution action brought by the plaintiff, Russell Martin, against the defendant, Alexandra Martin. Both parties appeared by counsel and on December 14, 2001, the court, after making jurisdictional findings, dissolved the marriage of the parties on the ground of irretrievable breakdown.
After a review of the testimony and exhibits the court now makes additional findings relating to custody, support, alimony and a property settlement.
The parties married in 1992 in Thompson, Connecticut. It was the plaintiffs first marriage; the defendant had been married previously. A child of the former marriage, Zachary, now 12, was adopted by the plaintiff one month after his marriage to the defendant. They have a daughter, Katelyn, now 8. No other children have been born to the defendant since the date of the marriage. CT Page 17123
Since their marriage the plaintiff has been employed in government service, first with the IRS and for the past three years with the Department of the Treasury. He works in a managerial capacity in Andover, Massachusetts and travels frequently. The defendant, for most of the marriage, has worked as a bartender at a local restaurant. Both have worked hard during the marriage. His annual income is about twice as much as hers.
The parties bought land shortly after the marriage and built a home now valued at $245,000, with a current mortgage balance of $165,000. The original land purchase was funded in part with monetary gifts to the defendant from her grandmother. The parties currently own the home jointly, along with some stock and a savings account. The plaintiff has a thrift savings account and retirement plan worth about $104,000 through his employment. Their household furnishings are valued at about $20,000. They lease one vehicle and the plaintiff appears to own the other.
For reasons not greatly detailed in court testimony the parties grew apart, culminating in the defendant's request for a divorce in the summer of 2000. The plaintiff said the defendant did not come home after her evening work; the defendant said the plaintiff was too controlling. On August 29, 2000, a restraining order against the plaintiff issued and the parties separated. They have lived apart since. The plaintiff lived for a year at his sister's home and now occupies a condominium in Putnam that he recently purchased. The defendant has lived with the children in the marital home in Thompson.
It appears to the court that the parties are equally responsible for the breakdown of the marriage.
The court, being mindful of the provisions of Chapter 815j of the General Statutes, particularly §§ 46b-81, 46b-82, 46b-84 and relevant case law finds the following orders to be fair and equitable:
1. Legal custody of the minor children, Zachary and Katelyn shall be joint between the parties; the primary residence of the children shall be with the defendant subject to access to the plaintiff as follows: reasonable access to plaintiff to include, but not limited to, Mondays and Tuesdays overnight from the time plaintiff arrives home from work. Fridays overnight from when the plaintiff retrurns home from work to Sundays at noon except for every other weekend when the plaintiff shall return the children at noon on Saturday. In the event the plaintiff is not personally available to be with the children during his scheduled visitation, the children shall remain with the defendant if she is not working. The parties will alternate holidays and share school vacations. CT Page 17124 Each party shall be entitled to at least one week's uninterrupted vacation time with the minor children. Neither party shall communicate with the other party through the children and shall not schedule special events or vacations that involve the children during the other party's access period. Neither party will denigrate the other party in front of the children and will not allow third parties to do so.
The parties shall jointly make all major decisions regarding the upbringing of the children including their education, medical care, religious upbringing and social activities and extra curricular activities.
Each parent shall have reasonable telephone access with the children when they are residing with the other parent.
Each parent shall have complete and full access to the children's medical and school records.
Each parent shall exert every reasonable effort to maintain free and uninhibited contact with the children and the other parent.
2. The plaintiff shall maintain Blue Cross/CHA or equivalent health and accident insurance for the benefit of the minor children. The provisions of § 46b-84 (e) shall apply. The parties shall share the cost of uninsured or unreimbursed medical expenses and day care equally. The defendant, at her expense, may maintain health and accident insurance through the plaintiffs employment as permitted by federal (COBRA) and/or state law.
3. The plaintiff shall pay child support to the defendant in the amount of $200 per week by contingent wage withholding. Because of the significant amount of shared custody time the court finds that it would be unfair and inequitable to apply the guideline amount and a deviation is warranted.
4. The parties shall be entitled to each claim one of the minor children as an exemption for state and federal tax purposes. The parties will alternate the exemption when only one exemption is available.
5. The plaintiff shall maintain life insurance in the minimum amount of $250,000 naming the minor children as beneficiaries and the defendant as trustee.
6. The plaintiff shall quitclaim his interest in the family home and furnishings to the defendant who shall be responsible for the mortgage, taxes and insurance and shall hold harmless the defendant in connection CT Page 17125 therewith.
7. The plaintiff will reimburse the defendant for one-half of the balance of the savings account and certificate of deposit withdrawn by him in July of 2000 in the amount of $7,731.
8. The plaintiff and the defendant shall divide equally the jointly owned stocks totaling $35,971.
9. In consideration of the transfer of the plaintiffs interest in the marital home, and its furnishings as ordered herein, the defendant shall waive any interest she may have in the plaintiffs thrift savings plan and his federal retirement plan.
10. The plaintiff shall waive any claim he may have in the family trust of the defendant.
11. The plaintiff shall waive any claim he may have in the 1999 Ford Expedition presently leased by the defendant and she shall pay all lease payments, taxes and insurance and hold the plaintiff harmless from any payments relative thereto. Conversely, the defendant waives any claim she may have in the 2001 Maxima of the plaintiff subject to the same conditions noted.
12. Neither party is awarded alimony or counsel fees.
13. The defendant shall make available to the plaintiff a safe, car ramps, his tools and one-half of the existing photos of the children within thirty days of these orders.
14. With the exception of specific orders to the contrary herein, each party shall be responsible for the payments of all liabilities as shown on their respective financial affidavits and shall hold the other hannless from any claims in connection therewith.
15. The court shall retain jurisdiction to enter such orders as may be necessary to effectuate the provisions of the judgment.
16. The plaintiff shall prepare the judgment file.
Potter, J.